NH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elnur Shafiyev, | No.   CV-26-01567-PHX-SPL (CDB) |
| Petitioner, | |
| v. | **ORDER** |
| Unknown Party, | |
| Respondent. | |

Self-represented Petitioner Elnur Shafiyev, who is confined in the Eloy Detention Center, filed this action under 28 U.S.C. § 2241 challenging his immigration detention and paid the filing fee.[1]  The Court will dismiss Ground Four and require Respondents to answer the remaining grounds in the petition.

**I.     Petition**

Petitioner is a citizen of Azerbaijan who entered the United States on February 27, 2023. (Doc. 1 at 15-16, Doc. 3 at 9-11.) Petitioner claims he was detained by Immigration and Customs Enforcement (ICE) approximately four months ago for missing an immigration hearing, however Petitioner asserts he never received "lawful notice" of any hearing. (Doc. 3 at 2.) Petitioner asserts he does not have any criminal history.

Petitioner raises four grounds for relief.  In Ground One Petitioner claims he is

---

[1] In addition to his Petition, Petitioner also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).  Because the Court is directing Respondents to promptly respond to the Petition, the Court finds Petitioner is not entitled to preliminary relief at this juncture.  Therefore, the Court will deny the Motion without prejudice.

detained in violation of his Fifth Amendment rights because he was denied "fair process," did not receive notice or accurate factual basis for his arrest, and "interference with the ability to litigate."  In Ground Two, Petitioner alleges denial of access to counsel and the courts due to Respondent's practices, detention conditions, and withholding of Record of Proceedings.  In Ground Three, Petitioner asserts his "continued detention is excessive and unjustified."  In Ground Four, Petitioner states a claim for inadequate medical care.

Ground Four relates to Petitioner's conditions of confinement, rather than the validity or duration of his confinement.  This claim would arise, if at all, under civil rights law, not habeas corpus law.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).  Thus, the Court will dismiss Ground Four.[2]

Respondent must respond to the petition articulating the statutory authorization for petitioner's detention; whether he was previously released on parole and, if so, the basis for his redetention and whether he was provided a pre-deprivation hearing; and the status of petitioner's immigration proceedings.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1) Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied without prejudice**.

(2) The Clerk of Court must substitute Warden Eric Rokosky of the Eloy Detention Center for "Unknown Party."

---

[2] Petitioner may file a civil rights action regarding his conditions of confinement, but he must file a **new action**, use the court-approved complaint form, and either pay the $350.00 filing fee and $55.00 administrative fee or file an application to proceed in forma pauperis.

(3) The clerk of court must serve a copy of the summons, the petition (Doc. 1) and this order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The clerk of court must also send by certified mail a copy of the summons, the petition, and this order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) The clerk of court must immediately transmit by email a copy of this order and the petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5) Respondent must respond to the petition no later than **March 17, 2026**.

(6) Petitioner may file a reply no later than **March 24, 2026**.

Dated this 10th day of March, 2026.

Honorable Steven P. Logan
United States District Judge

- 3 -